9/27/01

**THIS DISPOSITION
IS NOT CITABLE AS PRECEDENT
OF THE T.T.A.B.**

Paper No. 13
PTH

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Big O Tires, Inc.
_____

Serial No. 75/679,587
_____

Marsha G. Gentner and Leesa N. Weiss of Jacobson, Price, Holman & Stern for Big O Tires, Inc.

Ann Kathleen Linnehan, Trademark Examining Attorney, Law Office 114 (Margaret Le, Managing Attorney).
_____

Before Hairston, Holtzman and Rogers, Administrative Trademark Judges.

Opinion by Hairston, Administrative Trademark Judge:

An application has been filed by Big O Tires, Inc. to register the mark shown below,

for "tires for land vehicles" in class 12; "retail store services featuring automotive tires, parts, and accessories" in class 35; and "vehicle maintenance and repair services" in class 37.[1]  The application contains the statement that "The mark consists of a representation of the legendary fictional character known as 'Big Foot' or 'Sasquatch.'"

The Trademark Examining Attorney has refused registration on the ground that the drawing filed with the application is not a substantially exact representation of applicant's mark.

When the Examining Attorney made the refusal final, applicant appealed.  Both applicant and the Examining Attorney filed briefs, but an oral hearing was not requested.

In connection with its class 12 goods, applicant submitted as a specimen a card which is affixed to applicant's tires in the tire dealer's showroom.  The lower portion of the specimen is reproduced below.

---

[1] Serial No. 75/679,587, filed April 12, 1999, alleging a date of first use and date of first use in commerce of October 1997.

In connection with the services in classes 35 and 37, applicant submitted as a specimen a copy of an advertisement, the lower portion of which is reproduced below.

The Examining Attorney maintains that the drawing is not a substantially exact representation of the mark as used on the specimens for either class 12 or classes 35 and 37. In particular, the Examining Attorney argues that:

> The applicant indicates that the mark sought to be registered is the legendary figure of the deep woods known as "Big Foot" or "Sasquatch." (footnote omitted)  The drawing displays "Sasquatch" with a distinct facial expression and four visible fingers <u>without</u> the picture of of a tire.  However, this differs from the display of the mark on the specimen for both Classes 35 and 37 where a different facial expression exists on "Sasquatch," the fourth finger is hardly visible, the gorilla's "beard" is more rounded in shape, and, most importantly, the picture of a tire is an integral part of the mark.  The specimen for Class 12 features "Sasquatch" in a different pose, with a different facial expression, with a tire, and with a construction hat on his head. (emphasis in original) (Brief, p. 2).

Applicant, on the other hand, argues that what it seeks to register is a representation of a legendary fictional character; that "some artistic license" is required in order for applicant to comply with the Office drawing requirements; and that "the specimens are a 'substantially exact representation' of the mark depicted in the drawing filed with the application."  Further, applicant maintains that any differences in applicant's mark in the drawing and the mark depicted in the specimens are not significant, and the fact that a tire is absent

4

from the mark on the drawing is of no consequence since applicant does not seek to register a mark which includes a tire, and a tire would, in any event, be descriptive of applicant's goods and services. Finally, applicant requests that, if the Board finds that the specimen for classes 35 and 37 is acceptable, but that the class 12 specimen is not acceptable, the application be remanded to the Examining Attorney to allow applicant to delete class 12 from its application.

Trademark Rule 2.51(a)(1) provides, in part, that "the drawing of the trademark shall be a substantially exact representation of the mark as used on or in connection with the goods[.]" Moreover, it is well settled that an applicant may apply to register any element of a composite mark if that element, as shown in the record, presents a separate and distinct commercial impression which indicates the source of applicant's goods or services and distinguishes applicant's goods or services from those of others. See, e.g., In re Chemical Dynamics Inc., 839 F.2d 1569, 5 USPQ2d 1828 (Fed. Cir. 1988); and Institut National des Appellations D'Origine v. Vintners International Co., Inc., 954 F.2d 1574, 22 USPQ2d 1190 (Fed. Cir. 1992), citing In re Servel, Inc., 181 F.2d 192, 85 USPQ 257 (CCPA 1950); In re Berg Electronics, Inc., 163 USPQ 487 (TTAB

1969); In re Tekelec-Airtronic, 188 USPQ 694 (TTAB 1975);
In re Lear Seigler, Inc., 190 USPQ 317 (TTAB 1976); and In re San Diego National League Baseball Club, Inc., 224 USPQ 1067 (TTAB 1983). See also, Trademark Manual of Examining Procedure, sections 807.14(a) and 807.14(b) and cases cited therein.

In this case, we agree with the Examining Attorney that the mark in the drawing is not a substantially exact representation of the mark in actual use, as illustrated by the specimens of record.

The mark in the drawing consists simply of the Big Foot character's face and the fingers of what appears to be his right hand, posed in such a manner as to suggest the creature is peering around an object or corner.

On the class 12 specimen, however, in addition to the face of Big Foot, part of the upper body and the left arm and hand of the character are shown, while the right hand is obscured. The character is also shown wearing a construction hat and leaning over a tire. Contrary to applicant's contention, these differences are not insignificant. Rather, they result in an image of Big Foot which is dissimilar to the image of Big Foot shown on the drawing. Stated differently, the mark in the drawing is a

6

different representation of the mark as used on the class 12 specimen.

Turning then to the specimens for classes 35 and 37, while the representation of the Big Foot character himself on this specimen is very similar to the representation of Big Foot on the drawing, i.e., the face and the fingers on one hand are shown and the pose is similar, there is also a tire design on the specimen. In fact, the Big Foot character appears to be peering from behind the tire. The Big Foot character and the tire design are so merged together in presentation that the character cannot be regarded as a separable element creating a separate and distinct commercial impression. In other words, the mark in the drawing is an incomplete representation of the mark as used on the specimen for classes 35 and 37.

We are not persuaded by applicant's arguments in support of registration in this case. We recognize that Big Foot is a fictional character and that any artistic rendering of <u>him</u> will require a certain degree of creative license. The fact remains, however, that once a rendering is completed, the drawing must be the same or substantially the same as the artistic rendering of the Big Foot character illustrated by the specimens.

7

Also, with respect to the specimens in classes 35 and 37, the question here is not whether the tire design is descriptive of applicant's services such that had it been included on the drawing a disclaimer thereof would have been required. Rather, the question is whether the tire design is so merged with the representation of Big Foot that they form a single commercial impression. For the reasons stated above, we find that they do.

In view of our decision herein, applicant's alternative request for remand of this case to the Examining Attorney is denied as moot.[2]

**Decision**: The refusal to register on the ground that the drawing of the mark is not a substantially exact representation of the mark used on applicant's goods and services, as illustrated by the specimens of record, is affirmed.

---

[2] Even had we ruled in applicant's favor in regard to classes 35 and 37, the request to remand would have been denied as inapposite, for such a ruling would merely have resulted in refusal of registration for class 12 alone and there would have been no need to delete that class.